IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROLE MCCREADY | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. RDB-05-382 |
| STANDARD INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \*

MEMORANDUM OPINION

The Plaintiff, Carole McCready has brought suit against the Defendant Standard Insurance Company ("Standard") alleging a wrongful denial of long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Presently pending before this Court is Standard's Motion for a Protective Order barring discovery. For the reasons stated below, the Defendant's Motion for a Protective Order is **GRANTED**.

I

According to the Complaint filed in this case, the Plaintiff Carole McCready was employed by the Maryland law firm Piper Rudnick LLP for nearly thirteen and one-half years until April 2002. While so employed, she was a participant in an employee welfare benefit plan ("the Plan"). Plan participants had access to long-term disability benefits under the group long-term disability insurance policy issued by Standard to Piper Rudnick. This insurance plan is an employee welfare benefit plan as defined in ERISA. McCready

claims that Standard wrongfully denied her disability benefits and that Standard's ERISA administrator wrongfully upheld this denial during the administrative review of her appeal.

The Plaintiff has sought to enter into discovery in this case and served a set of interrogatories and a request for production of documents upon the Defendant. Standard has objected to these discovery requests and moved for a protective order prohibiting discovery.

II

This Court has previously noted that the Supreme Court in <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989) enunciated the standard of review in a case in which the plaintiff is challenging the denial of benefits under ERISA. Judge Harvey of this Court, in quoting the Supreme Court, noted that the denial of benefits "is to be reviewed under a *de novo* standard, unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits." In that case, such "decisions are reviewed for abuse of discretion and will not be disturbed if they are reasonable." <u>Dunbar v. Orbital Sciences Corp Group Disab</u>., 265 F. Supp. 2d 572, 577 (D. Md. 2003). (Quoting <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. at 115.)

In this case the ERISA administrator of Standard clearly exercised discretionary authority in the denial of benefits. (Def.'s Mem. at 5.) Accordingly, a deferential abuse of discretion standard is to be applied to this case. <u>Ellis v. Metropolitan Life Ins. Co.</u>, 126 F. 3d 228, 232 (4th Cir. 1997); <u>Stills v. GBMC Healthcare Inc.</u>, 48 F. Supp. 2d 495, 498 (D. Md. 1999). In light of the application of this standard, this Court must assess the

reasonableness of the plan administrator's decision based "on the facts known to it at the time." Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

Given this limitation, one court has noted that "[i]n the Fourth Circuit, discovery is generally not available in ERISA cases where the district court reviews the administrator's decision for abuse of discretion." Stanley v. Metropolitan Life Ins. Co., 312 F. Supp. 2d 786, 789 (E.D. Va. 2004) (citing Sheppard & Enoch Pratt Hosp., 32 F.3d at 125.)  This Court, in addressing the availability of discovery in an ERISA claim, has stated that "[i]n light of the deferential standard of review . . . discovery would be entirely unnecessary on the question of the merits . . . since (the) review of the administrator's decision should be based on the record before the administrator." DiCamillo v. Liberty Life Assurance, 287 F. Supp. 2d 616, 627 (D. Md. 2003).[1]  Accordingly, if this Court questions the administrator's decision in denying ERISA benefits, the "remedy is not additional discovery but remand to the defendant for a new review and determination." Hall v. Standard Insurance Co., 2005, WL 348266, *3 (W.D. Va. Feb. 10, 2005) (citing Elliott v. Sara Lee Corp. 190 F.3d 601, 609 (4th Cir. 1999)).  Indeed, this Court has previously so remanded ERISA determinations for a new review.  See e.g. Dunbar, 265 F. Supp. 2d at 588-89.

---

[1] In that case, Judge Motz noted that he was "not prepared to say that such discovery should never be permitted", but on the facts of the case entered summary judgment of the defendants and denied any discovery. Id. at 627-628.

III

In this case, this Court shall apply an abuse of discretion standard to review Standard's denial of benefits to McCready.  That review shall be limited to the administrative review.  Accordingly, additional discovery is unnecessary and the Defendant's Motion for a Protective Order is **GRANTED**.  A separate Order follows.


August 1, 2005                                    /s/
                                                  _____
                                                  Richard D. Bennett
                                                  United States District Judge